UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANNON D. PARTLOW,

        Plaintiff,

v.                                                   Case No. 11-12940
                                                   Honorable Julian Abele Cook, Jr.

AURORA LOAN SERVICES, LLC, et al.,

        Defendants.

ORDER

In this case, the Plaintiff, Shannon D. Partlow, acting without the benefit of an attorney, has accused the Defendants[1] of improperly handling the mortgage transaction relating to her home in Detroit, Michigan. Although she had originally filed this lawsuit in the Wayne County Circuit Court of Michigan, the Defendants caused it to be removed to this Court on the basis of its federal question and diversity jurisdiction. 28 U.S.C. §§ 1331; 1332; 1441.

Currently before the Court are motions (1) to dismiss and/or for summary judgment filed by Aurora Loan and (2) to dismiss and/or for the entry of a judgment on the pleadings filed by Ocwen Loan and the U.S. Bank.[2] As of this date, Partlow has not filed a response to either motion.[3]

---

[1] Partlow has identified the Defendants in this action as (1) Commerica [sic] Mortgage Corporation, (2) Aurora Loan Services, Inc., (3) New Century Mortgage Corporation, (4) HomeQ Servicing, (5) Ocwen Loan Servicing, L.L.C., and (6) the U.S. Bank National Association.

[2] Ocwen Loan and U.S. Bank filed their motion after having submitted their answers to the complaint. Thus, their request for a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is untimely. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

1

I.

Partlow states that she is the lawful owner of the subject property, having received a warranty deed on November 2, 1989. On December 5, 2005, Partlow executed a promissory note in the amount of $90,000 that was secured by a mortgage on the property in favor of New Century. Following a series of assignments, U.S. Bank became the ultimate holder of the mortgage in July 2010. Ocwen began servicing the mortgage loan on behalf of U.S. Bank that September. In April of 2011, after Partlow defaulted on her loan obligations, Trott & Trott, P.C., acting as the attorneys for Ocwen, caused a notice of foreclosure to be published which established May 4, 2011, as the date for the foreclosure sale.[4] This lawsuit followed on June 8, 2011.

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the plaintiff's well-pleaded allegations as being true and construe them in a light most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir.

---

1357 (3d ed. 2004) ("[A] post-answer Rule 12(b)(6) motion is untimely and . . . some other vehicle, such as a motion for judgment on the pleadings . . . must be used"). Accordingly, the Court will consider their motion only under the similar standard that is applicable to a motion for the entry of a judgment on the pleadings under Fed. R. Civ. P. 12(c). *See, e.g.*, *Satkowiak v. Bay Cnty. Sheriff's Dep't.*, 47 F. App'x 376, 377 n.1 (6th Cir. 2002); *see also* Fed. R. Civ.P.12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c).").

[3]During a hearing on November 15, 2011, an attorney who identified himself as Partlow's counsel appeared in this case for the first time. Despite having been retained several weeks prior to the above-mentioned hearing date, there is no evidence that he had (1) filed any notice of his appearance, (2) made any effort to contact the opposing counsel, or (3) proffered a request to extend the time in which to respond to the pending dispositive motions. Based on these factors, as well as the length of time that the Defendants' motions had been pending without any effort to respond to them having been made, the Court denied his oral request for additional time to respond.

[4]According to Ocwen and U.S. Bank, the foreclosure sale was never conducted.

2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Instead, the complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the aggrieved party's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(c) motion should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (citation and internal quotation marks omitted). "[A]ll well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* at 581 (citation and internal quotation marks omitted). However, as with a 12(b)(6) motion, this assumption of truth does not extend to "true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (citation and internal quotation marks omitted).

In considering either a Rule 12(b)(6) or a Rule 12(c) motion, "documents attached to the

pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." (emphasis omitted)); *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (applying *Barany-Snyder*, 539 F.3d at 332, in the context of a Rule 12(c) motion (citation and internal quotation marks omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the motion into one which seeks the entry of a summary judgment if the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

The purpose of the rule relating to summary judgment "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Therefore, the entry of a summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When assessing a request for the entry of a summary judgment, the Court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

In order for a dispute to be genuine, it must contain evidence upon which a jury could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). Thus, the moving party has the initial obligation of identifying those portions of the record which demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also* Fed. R. Civ. P. 56(e)(2); *Anderson*, 477 U.S. at 256. The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.

In attempting to determine the merit, if any, of Partlow's claims, the Court is fully aware of her status as a *pro se* litigant in this lawsuit and of its obligation to construe these pleadings liberally and to hold them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.").

Nevertheless, even under this liberal standard, it is difficult to identify with any degree of reasonable certainty the claims that Partlow seeks to advance in this civil action. The complaint - entitled "Complaint - Mortgage Fraud to Quiet Title" - alleges that (1) her adjustable rate mortgage

was unilaterally adjusted without notice, (2) she did not receive any response from the Defendants to her request for validation of her debt; (3) there existed "certain bogus [i]nstruments which purported to divest [her] of all interest in the subject property"; (4) "[f]raud and/or [i]rregularity are throughout the [d]ocuments"; (5) the note and/or mortgage were unlawfully re-aged;[5] and (6) any instruments recorded on May 4, 2011,[6] are invalid products of the Defendants' fraudulent conspiracy. In her pursuit of these claims, Partlow also cites to several authorities without articulating their relevance to this case.

In her complaint, Partlow seeks the following forms of relief: (1) an adjudication by the Court that she is the fee simple title holder to the subject property; (2) a determination that the Defendants' interests, if any, are invalid; and (3) a return of the property "to its rightful owner, and double its value . . . for defending the fraudulent action and void [a]b initio, void from the beginning." Taking these allegations as a whole, it appears that the gravamen of this action is an allegation that the Defendants engaged in a conspiracy to defraud her of her property.

Aurora argues that it is entitled to an order of dismissal and/or the entry of a summary judgment because (1) it does not have, and never had, any interest in the mortgage at issue, and (2) the complaint does not set forth any factual allegations regarding its conduct, wrongful or otherwise.

---

[5]Partlow bases this allegation on the fact that the warranty deed was in the amount of $44,900, but the foreclosure notice indicates that $111,187.01 is due and owing on the mortgage. However, it should be noted that the mortgage, which was executed more than sixteen years after the warranty deed, was in the amount of $90,000.

[6]This is the date on which the foreclosure sale was scheduled to be conducted. As noted above, however, it appears that the sale did not take place on that day, nor is there any allegation that it has since occurred. Therefore, it would appear that no relevant instruments - invalid or otherwise - were recorded on that day.

In support of its first argument, Aurora has provided documentation which displays the original mortgage instrument, as well as a series of assignments thereof, culminating in its assignment to the current holder of the mortgage, U.S. Bank.[7] An examination of the complete chain of title establishes that Aurora has never possessed any legal interest in the subject mortgage. Moreover, Partlow has not articulated any basis upon which to reject Aurora's argument.

Aurora's second argument is readily supported by a review of the complaint, which makes no specific mention of Aurora[8] and provides no basis for the Court to infer that this Defendant committed any wrongful conduct. Inasmuch as Partlow has not advanced any legitimate basis for Aurora's inclusion in this case, the Court grants this Defendant's motion to dismiss Partlow's complaint as against it for her failure to state a claim.

The Court now turns to the Ocwen and U.S. Bank's dispositive motion. An examination of the complaint reveals that Partlow has failed to state a claim for either fraud or conspiracy.

The elements of a fraud claim under Michigan law are "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816

---

[7]The Court may consider these documents in assessing a Rule 12(b)(6) motion because they are (1) matters of public record, *Amini v. Oberlin Coll.*, 259 F.3d at 502, and (2) referred to by Partlow in the complaint and are central to her claim, *Weiner, D.P.M.*, 108 F.3d at 88 n.3; *Bassett*, 528 F.3d at 430.

[8]The allegations in the complaint do not accuse any specific Defendant of the alleged misdeeds. Rather, they merely refer to the "Defendants" collectively throughout.

(Mich. 1976). Failure to establish any one of these elements "is fatal to a recovery." *Id.* In addition, the federal and Michigan rules require that allegations of fraud be stated with particularity. *See* Fed. R. Civ. P. 9(b); MCR 2.112(B)(1). This Rule has been interpreted to require a plaintiff who alleges fraud to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted).

It is clear that Partlow's fraud claim is defective with regard to the very first necessary element of the *Hi-Way Motor* standard. Even when reading the complaint liberally, the Court is unable to identify the claimed misrepresentations that any of the Defendants are alleged to have made. It is possible that Partlow refers here to "certain bogus [i]nstruments which purported to divest [her] of all interest in the subject property" (Compl. ¶ 6), or, as the Defendants have suggested, the notice of nonjudicial foreclosure. However, even assuming that these allegations sufficiently allege a material representation, Partlow has not set forth any facts that can be attributed to any of the other elements of her fraud claim. She does not indicate what was false about the representation, that the Defendants knew of the falsity and intended that she rely on the representation, that she did, in fact, rely on it, or that she was injured by her reliance. Moreover, where these elements have not been pleaded at all, they clearly have not been pleaded with the level of particularity required by the Michigan and federal rules. Therefore, U.S. Bank and Ocwen are entitled to judgment as a matter of law with respect to Partlow's fraud claim.

To state a claim for conspiracy, an aggrieved party must show "an agreement between two or more persons to accomplish some unlawful purpose through concerted activity." *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) (citing *Fenestra Inc. v. Gulf Am. Land Corp.*, 141

N.W.2d 36, 48 (1966)). Partlow has obliquely alleged a variety of purportedly wrongful acts in support of her claim, such as adjusting her adjustable rate mortgage without notice, failing to respond to her request for validation of her debt, unlawfully re-aging the note and/or mortgage, and using or relying on fraudulent, irregular, or bogus instruments. However, she has failed to even allege - much less establish - any specific agreement between, or concerted activity by, the Defendants. Furthermore, "[a] civil conspiracy, by itself, is not a cognizable claim but is defined by the tort that constitutes the underlying theory of liability." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 789 n.2 (E.D. Mich. 2010) (citing *Roche v. Blair*, 9 N.W.2d 861, 863 (Mich. 1943)); *see also Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 875 (E.D. Mich. 2010) (dismissing civil conspiracy claim where plaintiff failed to state claim for underlying tort of fraud). Because Partlow has failed to state a claim for the underlying tort (i.e., mortgage fraud), the conspiracy claim also must fail.

Partlow cites *Heintz v. Jenkins*, 514 U.S. 291 (1995), and a 1986 Senate Report for the proposition that the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 et seq., applies to attorneys and judges. However, none of the Defendants fall into the category of being an attorney or a judge, and she does not indicate how, or by which Defendant, this statute was purportedly violated. Moreover, "[i]t is well settled that the provisions of the FDCPA apply only to professional debt collectors, not creditors or mortgagors." *Herman v. Citimortgage, Inc.*, No. 08-11215, 2008 WL927779, at *2 (E.D. Mich. Apr. 4, 2008) (citing 15 U.S.C. § 1692a(6); *Scott v. Wells Fargo Home Mortgage*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003); *Pollice v. Nat'l Tax Funding*, 225 F.3d 379 (3d Cir. 2000); and *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985)). Aurora, U.S. Bank, and Ocwen are not alleged to be debt collectors - and under the FDCPA, they are not debt

9

collectors. Thus, to the extent that Partlow intended to plead a separate count for a violation of the FDCPA, it is dismissed for failure to state a claim upon which relief can be granted.

Likewise, she cites - without explanation or legal justification - *Residential Funding Corp. v. Saurman*, Nos. 290248, 291443, 2011 Wl 1516819 (Mich. Ct. App. Apr. 21, 2011). In *Saurman,* the Michigan Court of Appeals held that a non-judicial foreclosure initiated by the Mortgage Electronic Registration Systems, Inc. ("MERS") was invalid because it was not "the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage," as required by Michigan's foreclosure-by-advertisement statute. However, in the case before this Court, Partlow's exhibit demonstrates that the foreclosure proceedings were initiated by "Trott & Trott, P.C. Attorneys For Servicer." (Compl. Ex. C). Because the servicing agent is expressly permitted to initiate non-judicial foreclosure proceedings, the ruling under *Saurman* does not apply to the case at bar. Moreover and subsequent to the filing of the complaint and the dispositive motions, the Michigan Supreme Court reversed *Saurman* and held that the record holder of a mortgage is permitted to initiate a non-judicial foreclosure. *Residential Funding Co. v. Saurman*, Nos. 143178, 143179, 2011 WL 5588929 (Mich. Nov. 16, 2011). Thus, to the extent that Partlow intended to plead a count for violations of the Michigan foreclosure-by-advertisement statute, it is dismissed for failure to state a claim.

IV.

The Court has attempted to discern any possible basis for the relief that Partlow seeks to acquire against the movants, but - finding none - the Court (1) grants Aurora's motion to dismiss for failure to state a claim (ECF No. 3), and (2) grants Ocwen and U.S. Bank's motion for a judgment on the pleadings (ECF No. 10).

Finally, the Court notes that three of the Defendants (Commerica [sic] Mortgage Corp., New Century, and HomeQ Servicing) remain as active litigants. In addition, there is no evidence that Partlow has properly served any of them with a copy of the complaint and a summons in this action. However, Partlow is given a period of fourteen (14) days from the date of this order to show cause why her complaint should not be dismissed as to the remaining Defendants. Upon the expiration of this time period, and in the absence of a legally plausible explanation by Partlow for retaining these corporate entities as Defendants in this action, the Court may enter appropriate orders of dismissal in this action.

IT IS SO ORDERED.

Date: January 4, 2012                              s/Julian Abele Cook, Jr.
                                                   JULIAN ABELE COOK, JR.
                                                   U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 4, 2012.

                                                   s/ Kay Doaks
                                                   Case Manager